T.C. Memo. 2011-269

UNITED STATES TAX COURT

JIHAD N. AND JOY A. AHMAD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8805-07L.                    Filed November 15, 2011.

Jihad N. and Joy A. Ahmad, pro sese.

<u>G. Chad Barton</u>, for respondent.


MEMORANDUM OPINION

PARIS, <u>Judge</u>:  This case is before the Court on a petition
for review of a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of
determination).  See sec. 6330(d).[1]  Petitioners seek judicial

_____

[1]Unless otherwise indicated, all section references are to
(continued...)

review of respondent's determination to proceed with a filed lien and proposed levy. These collection actions concern petitioners' outstanding Federal income tax liability for taxable year 2003. The issues for decision are:

(1) Whether petitioners are precluded from contesting their underlying liability for taxable year 2003; and

(2) whether respondent's determination to sustain the filing of the lien and proposed collection by levy constitutes an abuse of discretion.

## Background

The parties submitted this case for decision fully stipulated. See Rule 122(a). The stipulation of facts filed and supplemented on September 14, 2009, and the attached exhibits are incorporated herein by this reference. Petitioners resided in Oklahoma at the time their petition was filed.

Petitioners filed a joint Federal income tax return for taxable year 2003. On December 5, 2005, respondent issued to petitioners a notice of deficiency in which he determined a deficiency in petitioners' 2003 income tax and an accuracy-

---

[1](...continued)
the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

related penalty under section 6662(a).  Petitioners failed to file a timely petition to contest this notice of deficiency.[2]

On April 17, 2006, respondent assessed petitioners' 2003 tax liability on the basis of the notice of deficiency issued on December 5, 2005.  On April 27, 2006, respondent issued to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing advising them that he intended to levy to collect the unpaid liability for taxable year 2003.  On May 4, 2006, respondent issued to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing, reflecting that a notice of Federal tax lien for the 2003 liability had been filed on April 27, 2006.

On May 23, 2006, petitioners filed Form 12153, Request for a Collection Due Process or Equivalent Hearing.  On September 11, 2006, petitioners delivered a letter to the Oklahoma City Appeals Office detailing their dispute regarding the underlying income tax liability for taxable year 2003.  On November 22, 2006, respondent's Appeals Office sent petitioners a letter acknowledging the receipt of petitioners' request for a

---

[2]Petitioners attempted to dispute the notice of deficiency for taxable year 2003 in the petition filed at docket No. 8804-07S.  However, the notice of deficiency was dated Dec. 5, 2005, and the petition was not filed until Apr. 19, 2007.  Accordingly, that case was dismissed for lack of jurisdiction on the ground that the petition was not timely filed under sec. 6213(a).

collection due process (CDP) hearing and scheduling a telephone conference for December 20, 2006.

The November 22, 2006, letter advised petitioners that they could not dispute respondent's determination of their underlying liability for taxable year 2003 because they had had a prior opportunity to do so. The letter further stated that for the Appeals Office to consider collection alternatives, petitioners would be required to provide: (1) A completed Form 433-A Collection Information Statement for Wage Earners and Self-Employed Individuals; (2) signed tax returns for taxable years 1996, 1997, and 2005; and (3) proof of estimated tax payments made for taxable year 2006. Petitioners failed to meet these requirements.

On December 20, 2006, a telephone CDP hearing was held between Settlement Officer Silverhorn (SO Silverhorn) and petitioner Jihad Ahmad.[3] No collection alternatives were discussed during this phone conference and SO Silverhorn informed petitioners that the requirements for consideration of such alternatives had not been met. On March 29, 2007, SO Silverhorn issued to petitioners a notice of determination. On April 19,

---

[3]Contemporaneous with the CDP hearing process, petitioners were actively pursuing an audit reconsideration which indeed substantially reduced but did not negate the outstanding assessed balance. Consequently, SO Silverhorn was justified in proceeding with the CDP hearing since there remained an unpaid assessed balance due.

2007, petitioners filed a petition with this Court for review of SO Silverhorn's determination.

## Discussion

### A. Standard of Review

Under section 6321, if a person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property, whether real or personal, belonging to such person. In order for a lien under section 6321 to be valid against any purchaser, holder of a security interest, mechanic's leinor, or judgment lien creditor, such a lien must be filed in accordance with the requirements of section 6323(f). Sec. 6323(a). A taxpayer may appeal a lien filed under section 6323 by requesting an administrative hearing with the IRS under section 6320(b).

Similarly, under section 6331, if a person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax by levy upon all property and rights to property belonging to such person. A taxpayer may appeal the proposed levy to the IRS under section 6330 by requesting an administrative hearing.

When practicable, an administrative hearing for a lien will be held in conjunction with an administrative hearing for a proposed levy for the same taxable year.  See sec. 6320(b)(4).  If an adverse determination is reached on either issue, the taxpayer is afforded the opportunity for judicial review of the determination in the Tax Court pursuant to section 6330(d).  Petitioners seek review of respondent's determination.

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  Davis v. Commissioner, 115 T.C. 35, 39 (2000).  Where the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  An abuse of discretion is any action that is arbitrary, capricious, or without sound basis in law or fact.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

The underlying tax liability may be properly at issue at a collection due process hearing only when the taxpayer has not received a notice of deficiency or has not otherwise had an opportunity to challenge the liability.  Sec. 6330(c)(2)(B).  Where the taxpayer has received a notice of deficiency, the taxpayer must file a petition for redetermination of the notice

of deficiency within 90 days of the date such notice was mailed. Sec. 6213(a). Petitioners were issued a notice of deficiency on December 5, 2005. Petitioners do not assert that they did not receive the notice of deficiency. Petitioners failed to file a petition within 90 days of this date. Because petitioners had forgone a prior opportunity to challenge the notice of deficiency for taxable year 2003, the underlying liability is not properly at issue in this case. Accordingly, the applicable scope of review is for abuse of discretion.

B. Abuse of Discretion

Sections 6320 and 6330 require the Commissioner to give the taxpayer notice of a filed lien or proposed levy and notice of the right to a fair hearing before an impartial officer of the IRS Appeals Office. Secs. 6320(a) and (b), 6330(a) and (b). At the hearing, the taxpayer may raise appropriate spousal defenses, challenge the appropriateness of collection actions, and offer collection alternatives. Sec. 6330(c)(2)(A). Additionally, the taxpayer may challenge the existence or amount of the underlying tax liability only if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to challenge the underlying liability. Sec. 6330(c)(2)(B).

At the hearing, generally, the Appeals officer must consider the above-stated issues raised by the taxpayer, verify that the

requirements of applicable law and administrative procedure have been met, and consider whether "any proposed collection action balances the need for efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). Underlying liability, and other section 6330(c)(2) issues, must be raised at the Appeals hearing to be properly raised before this Court. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007).

It is not an abuse of discretion for an Appeals officer to sustain a collection action where the taxpayer fails to provide requested information necessary to consider collection alternatives. See Dinino v. Commissioner, T.C. Memo. 2009-284; Prater v. Comissioner, T.C. Memo. 2007-241; Chandler v. Commissioner, T.C. Memo. 2005-99. The only issue petitioners raised at their CDP hearing was the amount of their underlying liability for tax year 2003. However, petitioners were precluded from challenging their 2003 liability as they had forgone a prior opportunity to do so. See sec. 6330(c)(2)(B).[4]

---

[4]The Court recognizes that petitioners have achieved substantial reduction of their outstanding liability through audit reconsideration. The Court further recognizes that at the time of trial petitioners continued to seek further abatements of accrued interest. However, these considerations are outside the scope of the Court's jurisdiction in review of the CDP determination process.

Petitioners did not present any spousal defenses or challenge the appropriateness of the proposed collection actions. Petitioners also failed to provide SO Silverhorn with the requested financial information necessary for him to consider any applicable collection alternatives. Accordingly, SO Silverhorn did not abuse his discretion in sustaining the lien and proposed levy actions.

The Court has considered all of the arguments made by the parties and, to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

To reflect the foregoing and respondent's concessions,

<u>An appropriate decision</u>

<u>will be entered</u>.